263

Gabriel Tomassian
vs.
Builders Iron Foundry
} W. C. A. Pet. No. 145

RESCRIPT
January 18, 1919

TANNER. P. J. The plaintiff suffered an oblique fracture of the clavicle or collar-bone. We are satisfied that the plaintiff did not obey the doctor's instructions and keep his arm in the position in which it was secured by the doctor. This resulted in all probability in a worse union than would have been possible under proper treatment. We are also of the opinion from the testimony that the petitioner has been, since the last payment to him, able to do any kind of light work so far as the injury was concerned.

We are not satisfied that the petitioner cannot raise his arm higher than the shoulder. We believe the testimony of Dr. Calder, that when he finished treating him he was able to lift it at an angle of perhaps 45 degrees above the shoulder. We think, as we said, that he has been able to do any kind of light work since the last payment. We are not satisfied that the petitioner could not have worked either in a restaurant or at a jeweler's bench so far as his arm is concerned. We are more inclined to think that it is his lack of intelligence and training rather than the injury to his arm that has interfered with his getting light work. We suspect also that the petitioner is not willing to exercise his arm as much as he ought to for his own benefit, as testified to by the doctors.

According to our practice we will allow the petitioner one-half of the weekly amount which he was receiving, or one-quarter of his average weekly wage up to the present time. We think he should now make an earnest attempt to obtain work and see what he can earn.

For petitioner: Lee, Boss & McCanna.

For respondent: Frederick A. Jones.

264

Bertha E. Pettitt
vs.
N. Y., N. H. & H. R. R. Co.
} No. 40153

DECISION
January 18, 1919

DORAN, J. Mr. Pettitt testified that the auto cost $1250 plus $200 for a new body. At page 24 of transcript, he said, "It was in first class condition. It had been run a year and from May until the last or middle of July and it had just come out of the repair shop * * * the Auto Car Service Station where they rebuild them. * * * It was practically a new machine."

"Q. What expense was that to you?

A. I don't remember now."

The statement, "It had just come out of the repair shop" is indefinite as to whether he refers to the date of the accident or the date of purchase a year and some months before. At pages 32, 43, occurs:

"Q. Who did you buy it from?

A. The Auto Car Sales Co.

Q. A second hand car?

A. You could not call it second hand. It was a rebuilt car."

This refers to the time of purchase and not the time of accident and the testimony mentioned above must be referred to the same time, that is, there is not any large indefinite amount for repairs or rebuilding to be added to the $1450 which the witness says the machine cost. Unless the jury added to the cost some amount for repairs to determine value, it would seem that they must have reached the amount of the verdict by some process of figuring down from $1850 or $1650, the amount stated as the cost of the new machine.

New trial granted unless plaintiff within fifteen days of notice of this decision remits all damages in excess of $800. Otherwise the motion for new trial is denied.

For plaintiff: Eastern, Williams and Rosenfeld.

For defendant: Eugene J. Phillips.